IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
ANTHONY C. CRUMP              )
                              )
     Plaintiff,               )
                              )
     v.                       )     1:05CV00025
                              )
CMH MANUFACTURING, INC.,      )
GEROD RICHARDSON, ROCKY DRYE, )
ALLAN TUCKER, BOB HARVEY,     )
                              )
     Defendants.              )
```

MEMORANDUM OPINION

OSTEEN, District Judge

    Plaintiff Anthony C. Crump ("Plaintiff"), pro se, filed this action alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., by Defendants CMH Manufacturing, Inc. (sued as Schultz Homes),[1] Bob Harvey, Gerod Richardson, Rocky Drye, and Allan Tucker ("Defendants"). Pending before the court is Defendants' motion to dismiss under Federal Rule of Civil Procedure 12. Plaintiff responded to this motion, but this court later struck the response and allowed Plaintiff time to correct the defective filing. Plaintiff has not corrected the filing, and thus, the court considers Defendants' motion unopposed. See L.R. 7.3(k). For the reasons stated below, the court will grant Defendants' motion.

---

[1] CMH Manufacturing, Inc. was erroneously sued as Schultz Homes, Defs.' Mot. Dismiss at 1.

Plaintiff brought this action after the EEOC dismissed his charges and sent a right-to-sue letter. "[W]ithin ninety days after . . . [issuing the right-to-sue letter,] a civil action may be brought" by the employee against the employer in federal court. 42 U.S.C. § 2000e-5(f)(1). This statute creates a ninety-day statute of limitations in which the employee may file a federal court claim. Watts-Means v. Prince George's Family Crisis Ctr., 7 F.3d 40, 42 (4th Cir. 1993). Thus, "the right to bring suit under Title VII is lost, absent grounds for equitable tolling, by a failure to file within the ninety-day period." Dixon v. Digital Equip. Corp., No. 92-1483, 1992 WL 245867, at *1 (4th Cir. Sept. 30, 1992). Equitable tolling, although rarely invoked, occurs when EEOC misconduct or mishandling leads to a delay in a plaintiff's filing. Grey v. Henderson, 169 F. Supp. 2d 448, 451–52 (M.D.N.C. 2001). The parties do not argue for equitable tolling, and no facts present in the pleadings, briefs, or affidavits support tolling.

Plaintiff's complaint states he received a right-to-sue letter on September 27, 2004. Plaintiff filed this action on January 10, 2005, well beyond ninety days from receipt. Thus, Plaintiff's action is time barred and must be dismissed, as Plaintiff does not state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).

For the reasons stated above,

Defendants' motion to dismiss will be granted.

An order and judgment in accordance with this memorandum opinion shall be filed contemporaneously herewith.

This the 11th day of July 2006.

/s/ William L. Osteen
United States District Judge